<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JASON WISEBERG and LAURA COPEL, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA INC., and TOYOTA MOTOR SALES, U.S.A., INC.,<br>         Defendants. | Civil Action No.: 11-3776 (JLL)<br><br><br>**OPINION** |

**LINARES**, District Judge.

   This matter comes before the Court by way of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (CM/ECF No. 24) as well as a motion to strike (CM/ECF No. 25) by Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (hereafter "Defendant" or "Toyota"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After considering the submissions of the parties in support of and in opposition to the instant motions, Defendant's motion to dismiss is denied in part and granted in part, and the motion to strike is granted.

1

## I. BACKGROUND

Plaintiffs Jason Wiseberg and Laura Copel (hereafter "Plaintiffs") bring this putative

class action individually and on behalf of "all current and former persons who reside in, or who

purchased or leased a Toyota Sienna in New Jersey or New York, model years 2004-2007 (the

"Class Vehicles")  equipped with sliding rear doors (the "Sliding Doors")," which allegedly

failed after the expiration of Plaintiffs' warranties covering repairs. (Id. at ¶¶ 1, 5).  On June 30,

2011, Plaintiff Wiseberg filed suit on the basis of diversity jurisdiction.  (CM/ECF No. 1).  On

November 18, 2011, an amended complaint was filed which additionally included the allegations

and causes of action on behalf of Plaintiff Copel. (CM/ECF No. 22) (hereafter "Amended

Complaint").  The Amended Complaint asserts the following causes of action arising under New

York and New Jersey law: (1) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann.

§ 56:8-2; (2) violation of New York Consumer Protection Act, N.Y. Gen. Bus. L §§ 349-350, (3)

breach of express warranty; (4) unjust enrichment; (5) injunctive relief in the form of a

declaratory judgment that "the remedial work necessary to correct the Sliding Door Defect and

its resulting damage are covered warranty claims."[1] (Id.)

Plaintiff  Wiseberg is a citizen of New Jersey and purchased a new 2005 Toyota Sienna

XLE LTD automobile (hereafter "Sienna") from Caldwell Toyota in New Jersey.  (Id. at ¶ 22).

Plaintiff Copel, a citizen of New York, purchased a new 2005 Sienna from the Toyota North

dealership in New York. (Id. at ¶ 29).  Plaintiffs allege that at the time of purchase, Defendant

allegedly represented through its representatives each of Plaintiffs' cars were "thoroughly

inspected" and "that the entire vehicle was in good condition and fit for its intended purpose."

---

[1] The Court notes that Plaintiffs' Amended Complaint contains two causes of action labeled "Count IV."  Thus, the
Court will refer to the latter as "Count V."

(Compl. ¶¶ 24, 31).  Both Mr. Wiseberg and Ms. Copel allegedly obtained Toyota's Basic

Warranty, a 36 month/36,000 mile limited express warranty.  (Id. at ¶¶ 5, 29, 58).

     Mr. Wiseberg alleges, however, that at or around 70,000 miles he began experiencing

problems with his vehicle's sliding doors, which he ultimately had to replace.  (Id. at ¶¶ 26, 28).

Thereafter, on or about July 15, 2010, with about 74,741 miles on the odometer, Plaintiff

"discovered that the power function of the driver side sliding door was failing to open and close

properly."  (Id. at  ¶ 27).  Specifically, Plaintiff Wiseberg alleges that "the 'lock controller'

portion of the Assembly had to be replaced because the door would not open" and ultimately

"the doors cease[d] functioning properly [] causing the power assembly in both sliding doors to

fail." (Id. at  ¶¶ 26, 27).  Plaintiff repaired the problem at his own expense because of his belief

that Toyota would not reimburse him based in part "on the fact that there were numerous

[I]nternet chat room discussions in which various Sienna owners with the same or similar

problems indicated that the company was refusing to pay for the cost to repair or replace the

Sliding Door Defect."  (Id. at ¶ 26).  The Court notes that Plaintiff does not indicate whether

such allegedly reasonable belief was based on the experiences of other Sienna owners whose

warranty already expired.

     Ms. Copel alleges that prior to 54,654 miles, she noticed problems with the sliding doors

on her Sienna such that they were difficult to open or would not open at all and eventually had to

be replaced as well.  (Id. at ¶ 32).  The particular problem alleged by Plaintiff Copel is that

initially "the doors were difficult to open or would not open at all" because, "according to the

dealer, the cable was binding up on the window regulator assembly" and Plaintiff had to replace

the "Controller Sliding Door Attachment" on the driver's side sliding door.  (Id.).  She

additionally alleges that she complained of the problem to the dealer, but "the dealer refused to

repair or replace the defective door and told Plaintiff Copel to wait until it failed completely," which ultimately happened in 2010.  (Id.).  Plaintiff Copel alleges that she requested that Toyota cover the cost under warranty but was denied.  (Id.)

As described by Plaintiffs in the Amended Complaint, "the failure with the 'door controller and controller assembly' was experienced by each of the [Plaintiffs] who had their 'Controllers' replaced at between 67,000-75,000 miles" (Pls.' Opp'n., 4, Amended Compl. ¶¶ 26, 27-28, 32).  In regard to what Plaintiffs characterize as the defects, they state that

> the defects were manifested in different ways based on the broad nature of the complaints of owners or lessees . . . but the result was the same for different owners – the Sliding Door Assembly frequently failed and the Sliding Doors would not open or close properly . . . these defects included, but were not limited to, problems with the cable and the cable assembly in the sliding doors and problems with the door "controllers" which caused the doors to fail to open and close properly and, on motorized doors, problems with the motor and related parts.

(Amended Compl. ¶ 34). Thus, in essence, Plaintiffs allege that the Sliding Door assembly contained certain defects which caused the Sliding Doors to cease functioning properly, which thus caused "the door's power assembly to fail and/or caused the Controller . . . and associated cables and pulleys to fail."  (Pls.' Opp'n., 1) (citing Amended Compl. ¶ 2).  Plaintiffs further state that they became aware of the alleged defect after the expiration of their respective warranties.

Plaintiffs additionally allege that Toyota was aware or should have been aware of such defect as early as 2004.  (Amended Compl. ¶ 6.  In support of this proposition, Plaintiffs rely on a series of Technical Service Bulletins (hereafter "TSBs") sent to Toyota dealers, but not available to Plaintiffs and putative class members.  (Id. at ¶¶ 41-44).  Therefore, Plaintiffs

maintain that as evidenced by this alleged knowledge, Defendant concealed the existence of the alleged defect.  (Id. at ¶ 3).

## II.  LEGAL STANDARDS and DISCUSSION

## A.  MOTION TO DISMISS

As an initial matter, for the purposes of the instant motion, Defendant agrees that New Jersey law applies to Mr. Wiseberg's individual claims and that New York law applies to those of Ms. Copel because each Plaintiff alleges that they purchased their Sienna in that state, respectively.  With this framework in mind, the Court now turns to the analysis of Plaintiffs' claims.

## 1. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949  (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (2007).  Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 557 (2007)).

**2.  Discussion**

As noted above, Plaintiffs bring the following claims: (1) violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 and of the New York Consumer Protection Act, N.Y. Gen. Bus. L. §§ 349-350; (2) breach of express warranty; (3) unjust enrichment; (4) injunctive relief in the form of a declaratory judgment that "the remedial work necessary to correct the Sliding Door Defect and its resulting damage are covered warranty claims." (CM/ECF No. 1).   Toyota moves to dismiss the Amended Complaint in its entirety.  Thus, the Court will consider each cause of action in turn.

**a. Consumer Protection Claims**

i. New Jersey Consumer Fraud Act

The New Jersey Consumer Fraud Act (hereafter "NJCFA") provides that

[t]he act, use or employment by any person of any unconscionable commercial practice, deception fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person

has in fact been misled, deceived or damaged thereby, is declared to be an
unlawful practice . . . .

N.J.S.A 56:8-2.  In order to state a claim under the NJCFA, a plaintiff must allege the following:

(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the

defendant's unlawful conduct and the plaintiff's ascertainable loss.  Int'l Union of Operating

Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372, 929 A.3d 1076, 1086 (N.J.

2007).   A plaintiff must also allege "substantial aggravating circumstances."  Suber v. Chrysler

Corp., 104 F.3d 578, 587 (3d Cir. 1997).

Further, claims under the NJCFA must be plead with particularity under Rule 9(b) of the

Federal Rules of Civil Procedure.  Frederico v. Home Depot, 507 F.3d 188, 200, 202-203 (3d

Cir. 2007); Glass v. BMW of North America LLC, Civ No. 10-5259, 2011 WL 6887721, at *4

(D.N.J. Dec. 29, 2011); Parker v. Howmedica Oseonics Corp., Civ. No. 07-2400, 2008 WL

141628 at *3 (D.N.J. Jan 14, 2008).  To satisfy the heightened Rule 9(b), a "plaintiff must plead

or allege the date, time and place of the alleged fraud or otherwise inject precision or some

measure of substantiation into a fraud allegation."  Frederico, 507 F.3d at 200.  However, as this

Court formerly explained,

> [p]ursuant to New Jersey law, and as previously recognized by this Court, "in
> cases where an allegedly defective product was covered by a warranty, a claim
> that a defect may but has not manifested itself until after the expiration of the
> warranty period cannot form the basis of a claim under the [NJ]CFA.  Rather, a
> plaintiff must sufficiently allege that the defendant manufacturer knew with
> certainty that the product at issue or one of its components was going to fail."

Suddreth v. Mercedes-Benz, LLC, Civ No. 10-5130, 2011 WL 5240965 at *5 (D.N.J. Oct. 31,

2011) (quoting Tatum v. Chrysler Group, LLC, 2011 U.S. Dist LEXIS 32362 at *16 (D.N.J.

March 28, 2011) (citing Perkins v. Daimler Chrysler Corp., 383 N.J.Super. 99, 890 A.2d 997,

1004 (N.J.Super.Ct.App.Div. 2006))).

Here, Plaintiffs do not allege that Defendant knew with certainty that the sliding doors would fail.  Rather, they essentially argue that a component of their cars broke after the warranty expired, that they had to pay for the repairs and eventual replacement, that Toyota issued internal TSBs, and that there were similar complaints on the Internet.  As to the TSBs, Plaintiffs submit that "as evidenced by the Technical Service Bulletins issued by Defendants and publicly available [I]nternet messages from Sienna owners, Defendants knew or reasonably should have known the Sliding Door Defect would manifest itself frequently, if not exclusively, after the expiration of Toyota's 'Comprehensive Warranty' . . . ."  (Amended Compl. ¶ 5).  Thus, Plaintiffs do not allege facts sufficient to meet the pleading standard required to state a claim under the NJCFA.[2]

ii. New York Consumer Protection Act

Importantly, under the New York Consumer Protection Act, General Business Law §§ 349-50, a plaintiff is not required to meet the enhanced pleading requirements of Federal Rule of Civil Procedure 9(b) but rather need only meet the Rule 8(a) standard.  Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005); Leonard v. Abbott Laboratories, Inc., Civ No. 10-4676, 2012 WL 764199 at *19 (E.D.N.Y. 2012).  However, a plaintiff must still "plead with specificity the allegedly deceptive acts or practices that form the basis of a claim under the

---

[2] Further, this Court has previously expressed hesitation in viewing TSBs or other advisories as potential admissions of fraudulent concealment of a defect, because "such advisories are generally the result of consumer complaints that cause a manufacturer to investigate, diagnose, and remedy a defect in one of its products.  Accepting these advisories as a basis for consumer fraud claims may discourage manufacturers from responding to their customers in the first place."  Alban v. BMW of North America, Civ No. 09-5398, 2011 WL 900114, at *36-37 (D.N.J. Mar. 15, 2011); Glass v. BMW of North America, LLC, Civ No. 10-5259, 2011 WL 6887721, at *8 note 11 (D.N.J. Dec. 29, 2011).

Consumer Protection Act."  <u>Pelman v. McDonald's Corp.</u>, 237 F.Supp.2d 512, 527 (S.D.N.Y. 2003).

Section 349 makes unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service . . . ."  N.Y. Gen. Bus. L. § 349.  Section 350 of the New York General Business Law prohibits "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ."  N.Y. Gen. Bus. L. § 350.  "Omissions, as well as acts, may form the basis of a deceptive practices claim."  <u>Pelman ex rel. Pelman v. McDonald's Corp.</u>, 396 F.3d 508, 525 (2d Cir. 2005).  In order to state a deceptive practices claim under either section, "a plaintiff must show: (1) that the act, practice or advertisement was consumer oriented; (2) that the act, practice, or advertisement was misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive practice, act or advertisement."  <u>Id.</u>  Deceptive acts and practices are objectively defined as "those likely to mislead a reasonable consumer acting reasonably under the circumstances."  <u>Oswego Laborers' Local 213 Pension Fund v. Marine Midland Bank.</u>, 85 N.Y.2d 20, 26, 647 N.E.2d 741 (N.Y. 1995).

First, unlike § 349, sustaining a claim under § 350 requires proof of actual reliance.  <u>Pelman ex rel. Pelman v. McDonald's Corp.</u>, 396 F.3d 508, 511 (2d Cir. 2005).  Here Ms. Copel alleges that "[a]t the time of purchase, Toyota through its dealership, employees, agents and servants represented to Plaintiff Copel that it thoroughly inspected her vehicle and that the vehicle was in good condition and fir [sic] for its intended purposes."  (Amended Compl. ¶ 31). She does not allege that she relied on that statement.  Nor does she allege that she saw any advertisements for the Sienna, let alone ones on which she relied.  On this issue, the Amended Complaint alleges that "members of the public were deceived by and relied upon Defendant's

9

affirmative misrepresentations and failures to disclose." (Id. at ¶ 70).  While, as discussed above, Plaintiff need not meet the more rigorous pleading standard required under Rule 9(b), she must still state a claim showing a plausible right to relief without mere recitation of elements or conclusory allegations.  Further, while Plaintiff Copel states in a conclusory manner that members of the public relied on Defendant's alleged conduct, she does not allege that she did so. As Plaintiff Copel fails to sufficiently allege reliance, her claim under § 350 must be dismissed, but the Court does so without prejudice.

Next, while reliance is not an element of a claim under § 349, a plaintiff must plead that the defendant's material deceptive act caused the injury.  Gale v. International Business Machines Corp., 9 A.D.3d 446, 447, 781 N.Y.S.2d 45 (N.Y.A.D. 2 Dept., 2004); Oswego, 85 N.Y.2d at 26.  As to the injury element, it is sufficient to plead that "a plaintiff paid a premium for a product based on defendants' inaccurate representations."  Szymczak v. Nissan North America, Inc., Civ No. 10-7493, 2011 WL 7095432, at *14 (S.D.N.Y. Dec. 16, 2011) (quoting Ackerman v. Coca-Cola Co., 2010 U.S. Dist LEXIS 735156 (E.D.N.Y. July 21, 2010)).  Here, the parties do not dispute that the alleged conduct at issue was consumer-oriented,[3] nor do they dispute that if such conduct amounted to a deceptive act, that it resulted in injury to Plaintiffs.

Regarding the final element, that the act, practice, or advertisement was misleading in a material respect, Plaintiff asserts both an omission and a misrepresentation claim.  In her opposition, she states the following:  "Plaintiff Laura Copel alleges and details Toyota's material omissions and misrepresentations regarding a known defect it had a duty to disclose.  Defendant failed to disclose the defect despite its safety concern and prior representations."  (Pls.' Opp'n,

---

[3] Although not at issue here, "[c]onsumer-oriented conduct does not require a repetition or pattern of deceptive behavior . . . but [a plaintiff] must demonstrate that the acts or practices have a broader impact on consumers at large.  Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute." Oswego, 85 N.Y.2d at 26.

24).   As noted above, "[i]n determining whether a representation or omission is a deceptive act, the test is whether such act is 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"  Andre Strishak & Assoc., P.C. v. Hewlett Packard Co., 300 A.D.2d 608, 752 N.Y.S.2d 400, 403 (N.Y.A.D. 2 Dept., 2002) (quoting Oswego, 85 N.Y.2d at 26).

With respect to the omission claim, "where [a] business alone possesses material information that is relevant to [a] consumer and fails to provide this information," a Plaintiff has stated a cause of action.  Oswego, 85 N.Y.2d at 27; Pelman v. McDonald's Corp, 237 F.Supp.2d at 529.  Plaintiff alleges that Toyota allegedly knew about the defect at the time of purchase, as evidenced by internal TSBs, but actively concealed and failed to disclose this fact despite knowing that it "would diminish the intrinsic and resale value of the vehicle and was a significant safety concern."  (Pls.' Opp'n, 25-26; Amended Compl. ¶¶2-6).  Thus, Plaintiff Copel sufficiently pleads an omission claim under § 349.

As to the misrepresentation claim, Plaintiff alleges that in 2005, "[a]t the time of purchase, Toyota through its dealership, employees, agents and servants represented to Plaintiff Copel that it thoroughly inspected her vehicle and that the vehicle was in good condition and fir [sic] for its intended purposes."  (Amended Compl. ¶ 31; Pls.' Opp'n, 25).  Despite that alleged representation, Ms. Copel began experiencing problems with the sliding door of her vehicle around 56,500 miles. (Amended Compl. ¶ 32; Pls.' Opp'n, 25).  Plaintiff further alleges that when she complained to the dealer, she was told to wait until the door completely failed, which it ultimately did in 2010. (Amended Compl. ¶ 32; Pls.' Opp'n, 25).  Toyota allegedly denied her warranty request at that time.  (Amended Compl. ¶ 32; Pls.' Opp'n, 25).  The Court finds that Plaintiff's allegations do not amount to a deceptive act because the alleged representation, without more, is not materially misleading to the reasonable consumer acting reasonably under

the circumstances.  Assuming all facts to be true and drawing all reasonable inferences in favor

of Plaintiff, Plaintiff Copel did not experience any problems with the sliding door of her car

under around 56,500 miles and the doors did not ultimately fail until approximately five years

after she purchased her Sienna.  Plaintiff does not suggest that the vehicle was in anything less

than good condition at the time of purchase nor does she suggest that the Sienna was not fit for

its intended purpose.  Therefore, the alleged general statement alone does not state a

misrepresentation claim under § 349 and is dismissed without prejudice accordingly.


**b. Breach of Express Warranty**

Toyota's Basic Warranty at issue here[4] provides, in relevant part: "This warranty covers

repairs and adjustments needed to correct defects in materials or workmanship of any part

supplied by Toyota, subject to the exceptions indicated under 'What is Not Covered' . . .

Coverage is for 36 months or 36,000 miles, whichever occurs first . . . ."[5] (Def.' Mot., Lang

Decl., Ex. A, at 9).  "The general rule is that an express warranty does not cover repairs made

after the applicable time or mileage periods have elapsed."  Abraham v. Volkswagen of Am.,

---

[4] Pursuant to Federal Rule of Civil Procedure 12(d), if a court considers material submitted outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).  A court may exclude such outside matters and treat the Rule 12 motions as labeled.  Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2002).  However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document."  Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider a document that is integral to or explicitly relied on in the complaint without converting a motion to dismiss into one for summary judgment).  Thus as Toyota's Basic Warranty is integral to the Complaint and its authenticity is not in dispute, the Court will consider it herein.

[5] The warranty exempts coverage for "damage or failures resulting directly or indirectly from any of the following": fire; accidents or theft; abuse or negligence; misuse-for example, racing or overloading; improper repairs; alteration or tampering, including installation of non-Genuine Toyota Accessories; lack of improper maintenance, including use of fluids other than those specified in the Owner's Manual; installation of non-Genuine Toyota Parts; airborne chemicals, tree sap, road debris (including stone chips), rail dust, salt, hail, floods, wind storms, lightning and other environmental conditions; water contamination." (Def.'s Mot., Lang Decl., Ex. A, at 11).

Inc., 795 F.2d 238, 250 (2d Cir. 1986); Payne v. Fujifilm U.S.A., Inc., Civ No. 07-385, 2007 WL 4591281 (D.N.J. Dec. 28, 2007).  Neither party disputes that the instant claim falls outside of the relevant warranty period.

Defendant argues that Plaintiffs' claims are time barred under the applicable statute of limitations in New Jersey and New York, respectively, and in the alternative that the warranty agreement is not unconscionable.  Plaintiffs respond, however, that the durational limit of the vehicle warranty is unconscionable because Defendant was aware of an inherent defect but the buyer had neither notice thereof nor ability to detect the problem.

As an initial matter, in their Opposition, Plaintiffs argue that Toyota's statute of limitations arguments are inapplicable to this motion because they did not raise such a defense in an answer and that they make no attempt to demonstrate that they fall within the "one exception to this rule – when it is clear from the face of the complaint that the suit is time barred."  (Opp'n., 16).  However, as explained by the Third Circuit, "while a defendant must plead an affirmative defense such as a statute of limitations defense in his answer . . . this Court also allows the statute of limitations defense to be raised in a motion to dismiss, 'if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." (Gleeson v. Prevoznik, 253 Fed.Appx. 176, 179 (3d Cir. 2007) (quoting Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002)).  Therefore, the Court now turns to the timeliness of Plaintiffs' claims.

i. New Jersey

In New Jersey, a breach of warranty action must be commenced within four years of the date of accrual.  N.J.S.A. 12A:2-725(1).  As to the date of accrual, the relevant statute provides as follows:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

N.J.S.A. 12A:2-725(2).  "This provision quite clearly establishes a general rule, that the discovery principle does not apply to breach of warranty actions, and an exception, applicable to warranties that explicitly extend to future performance."  South Jersey Gas Co. v. Mueller Co. Ltd., Civ No 09-4194, 2010 WL 1742542, at *6 (D.N.J. April 27, 2010).

Defendant contends that the warranty at issue here is one for future performance.  In support of that proposition, Defendant relies on South Jersey Gas, 2010 WL 1742542, at *6 (D.N.J. April 27, 2010) and Ach Enterprises 1 LLC v. Viking Yacht Company, Civ. No. 11-3571, 2011 WL 4638791, at *3 (D.N.J. Oct. 7, 2011).  In South Jersey Gas, the court found that the warranty under consideration was one for future performance because, as the court there wrote, "[t]his warranty appears to contain a promise that the Valves will be of a certain character (free from defects in workmanship and material) for a specified period of time in the future (one year from the date of shipment)."  The warranty there contained the following language, in relevant part: "[Defendant] warrants its products to be free of defects in workmanship and material under normal use and service and when used for the purposes and under the conditions

14

for which they are intended, for a period of one year from the date of shipment."  2010 WL 1742542, at *6.

Similarly, <u>Ach Enterprises1</u> concerned a dispute regarding cracked gel coat on yachts sold by the defendant.  2011 WL 4638791, at *1.   The language of the warranty at issue there provided, in relevant part, that defendant "promised to 'replace or repair . . . any part or component . . . which is proven to the satisfaction of [defendant] to be defective, and which has occurred under normal use and service within the warranty period.'"  <u>Id.</u>, at *3.  The court there concluded that "[s]uch a warranty extends to the performance of the gel coat during the warranty period and thus is a future performance warranty."  <u>Id.</u>

In relevant part, the warranty at issue in this case provides as follows: "This warranty covers repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota."  (Def.'s Mot., Lang Decl., Ex. A, at 9).  The Court concludes that this is not a "mere representation of the product's condition at the time of delivery rather than its performance at a future time."  <u>Poli v. Daimler-Chrysler Corp.</u>, 349 N.J.Super. 169, 176-77, 793 A.2d 104 (App.Div.2002); <u>Ach Enterprises 1</u>, 2011 WL 4638791, at *3.  Rather, in New Jersey, the Toyota Basic Warranty is one for future performance because it is an "enforceable agreement that if a covered defect arose at any time during the period of the warranty, defendant would repair the condition."  <u>Poli</u>, 349 N.J. Super at 177.

With regard to when the cause of action against Toyota accrued, the future performance exception found in <u>N.J.S.A.</u> 12A:2-725(2) only applies if the defect is discovered during the warranty period."  <u>Ach Enterprises 1</u>, 2011 WL 4638791, at 5.  This is so because "where a seller warrants a product for a specified period of time, it makes sense to delay running the statute until the defect is discovered, *provided* the defect is discovered during the period for which the

product is actually warranted as anything less could potentially dilute or extinguish the value of the warranty purchased.  <u>South Jersey Gas</u>, 2010 WL 1742542, at 7 (emphasis in original).  Here, Mr. Wiseberg did not discover the defect within the applicable warranty period, thus his claim is time barred by <u>N.J.S.A.</u> 12A:2-725.

Plaintiff Wiseberg urges this Court to ignore the statute of limitations because he argues that the warranty at issue is unconscionable and that rigid application contravenes case law in this district and in the Fourth Circuit and in the alternative that this is an issue for summary judgment.  (Opp'n., 13, 16).   However, the cases to which Plaintiff cites and arguments that he makes, though compelling, deal with unconscionability of a contract term, not an exception to the statute of limitations.  The plaintiff in <u>Ach Enterprises 1</u> urged the Court to find the same.  There the court wrote that "[t]he Court cannot [so find], however, because whether or not it is possible, under New Jersey law, to invalidate a contractual warranty provision on the grounds of unconscionability . . . it is another matter entirely to 'ask a federal trial court to ignore a controlling state statute.'"  2011 WL 463879,1 at 5 (quoting <u>South Jersey Gas</u>, 2010 WL 1742542, at 10).  The court continued:

> <u>N.J.S.A.</u> 12A:2-725(2) incorporates the contractual warranty time limit into the statute itself and makes no provision for extending or nullifying that limitation.  If it is New Jersey's intention to include an unconscionability exception to the time limit, 'the New Jersey legislature knows how to amend [<u>N.J.S.A.</u> 12A:2-725(2)] to reach this result.  Until such time, the Court will continue to apply the statute of limitations as New Jersey has codified it.

<u>Id.</u> (quoting <u>South Jersey Gas</u>, 2010 WL 1742542, at 10).  Thus, the Court may  not ignore the statute of limitations on unconscionability grounds.  As Mr. Wiseberg's breach of express warranty claim is untimely under New Jersey law, it is therefore dismissed with prejudice.

ii.  New York

Under New York law, the statute of limitations for a breach of express warranty is four years after the date of accrual.  N.Y. U.C.C. 2-725(1).  A cause of action accrues when the breach occurs, which in the case of a warranty is when tender of delivery is made.  N.Y. U.C.C. 2-725(2).  New York also provides two exceptions to this general rule: (1) where the warranty is one for future performance; and (2) under certain circumstances "where a plaintiff alleges fraudulent concealment, courts have applied equitable estoppel to toll the statute of limitations if the fraud prevented a plaintiff from filing a timely action."  Woods v. Maytag Co., Civ No. 10-0559, 2010 WL 4314313, at *2 (E.D.N.Y. November 2, 2010).

The analysis regarding the type of warranty at issue under York law differs from that of New Jersey.

> Under New York law, "a warranty of future performance is one that guarantees that the product will work for a specified period of time.  Warranties to repair or replace the product in the event that it fails to perform, without any promise of performance, do not constitute warranties of future performance."

Brainard v. Freightliner Corp., Civ No. 02-317E(F), 2002 WL 31207467, at *3 (W.D.N.Y. Oct. 1, 2002) (quoting St. Patrick's Home for Aged & Infirm v. Laticrete, Int'l., 264 A.D.2d 652, 657, 696 N.Y.S.2d 117 (1st Dep't 1999)).  Further, "[s]ince all warranties in some way apply to the future performance of goods, the normal four year limitations period generally is not extended pursuant to the future performance exception unless the warranty specifically refers to a future time." Port Auth. of N.Y. & N.J. v. Allied Corp., 914 F.Supp. 960, 963 (S.D.N.Y. 1995).  In order for a warranty to fall within the future performance exception to the statute of limitations, the language at issue must explicitly extend to future performance.  Maytag Co., 2010 WL 4314313, at *3.  "[T]he term 'explicit' has been explained as plain language which is distinctly

stated, clear and unequivocal to the point that there is no doubt as to its meaning." Id. (quoting Port Auth. Of N.Y. & N.J., 914 F.Supp. at 962 (S.D.N.Y. 1995).

As noted above, Toyota's Basic Warranty at issue here provides: "This warranty covers repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." (Def.'s Mot., Lang Decl., Ex. A, at 9). The warranty does not contain explicit language which extends to the future performance of the automobile. Thus, it is a repair and replace warranty under New York law. See e.g. Maytag Co., 2010 WL 4314313 at *3-4 (finding no ambiguity that the following warranty was one for repair and replacement and did not extend to future performance: "For one (1) year from the original retail purchase date, any part which fails in normal home use will be repaired or replaced free of charge.").

Plaintiff Copel does not dispute that neither exception mentioned above applies to the instant case. She does, however, assert that the cases relied upon by Defendant are distinguishable because they address whether a warranty is a repair and replace warranty or a future performance warranty and do not address unconscionability of warranty periods. (Pls' Opp'n, 14 note 20). However, Plaintiff makes that argument in a single footnote and does not point to any cases where a New York court found such an exception to apply.

In any event, the Court notes that unconscionability may be a basis for maintaining a claim after the expiration of the warranty period in New York under certain circumstances. See Szymczak v. Nissan North America, Inc., Civ No. 10-7493, 2011 WL 7095432, at *9 (S.D.N.Y. Dec. 16, 2011). However, that issue is separate and apart from when a claim accrues under New York law and whether the claim is time barred. Therefore, Ms. Copel's breach of express warranty accrued four years after the date of delivery, which was in August 2005. As it is

18

presently over six and a half years later, her claim is untimely.  Accordingly, Ms. Copel's breach of express warranty claim is dismissed with prejudice.

### c. Unjust Enrichment

#### i.  New Jersey

Generally, in order to state a claim for unjust enrichment in New Jersey, a plaintiff must allege that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it."  In re K-Dur Antitrust Litig., 338 F.Supp.2d 517, 544 (D.N.J. 2004).[6]  Plaintiff Wiseberg submits that "the deception of profiting from hidden defects in a vehicle sold as a premium car made by a premium auto manufacturer, and taking consumer money in such manner was effected only through and by means of the Defendants' deal agent network."  (Pls.' Opp'n, 32-33).  However, as the Court has already dismissed Plaintiff Wiseberg's claims which allege wrongful conduct on the part of Defendant, his claim for unjust enrichment cannot stand on the same grounds and must be dismissed.  Suddreth v. Mercedes-Benz, LLC, Civ No. 10-5130, 2011 WL 5240965 at *7 (D.N.J. Oct. 31, 2011)

#### ii.  New York

In New York, "a claim for unjust enrichment requires a plaintiff to establish (1) that the defendant benefitted; (2) at the plaintiff's expenses; and (3) that equity and good conscience require restitution."  Statler v. Dell, 775 F.Supp.2d 474, 485 (E.D.N.Y. 20110) (quoting Beth

---

[6] As to the second element, the parties joust over whether the fact that Plaintiff Wiseberg bought his Sienna from an independent dealer satisfies the requirement under New Jersey law that a plaintiff confer a direct benefit on defendant.  (Def. Br., 22-3; Pls.' Opp'n., 28-31).  However, as Plaintiffs fail to state an unjust enrichment claim, the Court need not address the issue herein.

<u>Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey</u>, 338 F.3d 573, 586

(2d Cir. 2006)).  "The theory of unjust enrichment lies as a quasi-contract claim.  It is an

obligation the law creates in the absence of any agreement."  <u>Diesel Props S.r.l. v. Greystone</u>

<u>Business Credit II LLC</u>, 631 F.2d 42, 54 (2d Cir. 2011).  It follows that a plaintiff may not

recover on an unjust enrichment claim where there is a valid contract which governs the subject

matter of the suit.  <u>Id.</u>; <u>Statler</u>, 775 F.Supp.2d at 485 ("Where a valid contract governs the subject

matter in a lawsuit, a plaintiff may not recover in quasi-contract, and it is appropriate to dismiss a

claim for unjust enrichment."); <u>Century-Maxim Const. Corp. v. One Bryant Park, LLC</u>, Index

No. 24683-2008, 23 Misc.3d 1120(a), 886 N.Y.S.2d 70, 2009 WL 1218895, at *22-23

(N.Y.Sup.Ct. Westchester County April 7, 2009) ("[W]hen the complaint alleges an express,

enforceable contract that controls the parties' relationship, a claim for unjust enrichment will be

dismissed.").

Plaintiff Copel submits that Defendant's argument that an unjust enrichment claim cannot

stand where a valid contract governs the subject matter giving rise to the alleged enrichment "has

no merit in fact or law."  (Pls.' Opp'n, 34).  Rather, she argues that: (1) she may plead unjust

enrichment in the alternative; (2) the express warranty is "inequitable, subject to rescission,

reformation or other injunctive remedy"; and (3) "Plaintiffs [sic] purchase from the dealer cannot

preclude their unjust enrichment claim against the manufacturer/distributor Defendants, who are

non-parties to the retail sale."  (<u>Id.</u> at 33-35).

It is the case, as Plaintiffs argue, that such a cause of action may proceed "where . . . there

is a bona fide dispute as to the existence of a contract, or where the contract does not cover the

dispute in issue" (<u>Id.</u> at 30 (citing <u>Hochman v. LaRea</u>, 14 A.D.3d 653, 789 N.Y.S.2d 300, 302

(2nd Dep't 2005) (plaintiff could proceed under both theories where defendant interposed a defense that the alleged oral agreement for the loan at issue involved usurious terms); Zuccarini v. Ziff-Davis Media, Inc., 306 A.D.2d 404, 405, 762 N.Y.S.2d 621 (2nd Dep't 2003) (defendant disputed the enforceability of a contract under the Statute of Frauds and thus plaintiff could proceed under both theories)).  However, "it is only where there is a *bona fide* dispute as to the existence of a contract, or a *bona fide* dispute as to whether the contract covers the dispute in question, that a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract and will not be required to elect his remedies."  Century-Maxim Const. Corp., 2009 WL 1218895, at *23.

Further, "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract, such as by *quantum meruit* and unjust enrichment, for *events arising out of the same subject matter . . . Quantum meruit*/unjust enrichment may not be used to circumvent, and a court will not make an inference of any implied agreement which is destructive of, the express terms of the parties' contract."  Id. at 30 (emphasis in original).  Here, the Court finds that there is no bona fide dispute that the allegations and events as pled in the Complaint which gave rise to breach of express warranty claim and consumer protection claims are the same as those which gave rise to the unjust enrichment claim.  As the court wrote in Statler, "[i]n short, where the claims arise out of a sale pursuant to a contract, Plaintiff does not state a claim for unjust enrichment."  775 F.Supp.2d at 485-86.  Here, the sale of Plaintiff Copel's Sienna was pursuant to a contract with specific warranty obligations that Toyota allegedly breached by its post-sale conduct.  Accordingly, dismissal is appropriate under New York law.  Statler, 775 F.Supp.2d at 486.

**d. Injunctive Relief**

"The Declaratory Judgments Act provides that a court '*may*' declare the rights and other legal relations of any interested party seeking such declaration . . . ." Zimmerman v. HBO Affiliate Group, ACS, 834 F.2d 1163, 1170 (3d Cir. 1987) (emphasis in original); 28 U.S.C. § 2201. Deciding whether to do so is within the discretion of the district court. Zimmerman, 834 F.2d at 1170.

Defendant argues that Count V should be dismissed "as redundant of [Plaintiffs'] express warranty claims." (Def. Br., 23). In their opposition, Plaintiffs argue that the NJCFA expressly provides injunctive relief as a remedy and that "[t]he injunctive relief sought in the case at bar includes not just declaratory judgment but also specific forms of injunctive relief that clearly would serve a useful purpose herein." (Pls.' Opp'n, 35-36).

However, in order for a federal court to grant a declaratory judgment, there must be a live dispute between the parties such that there is a "substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Zimmerman, 834 F.2d at 1170. In addition, "an injunction is a remedy and not by itself a cause of action." Tolia v. Dunkin Brands, Civ No. 11-3656, 2011 U.S. Dist. LEXIS 142170, at *18 (D.N.J. Oct. 7, 2011). Therefore, Plaintiffs' request for declaratory or injunctive relief is moot insofar as it is premised upon claims dismissed herein. Should Plaintiffs choose to amend, they may seek any type of relief appropriate at that time.

**B. MOTION TO STRIKE**

Defendant additionally moved to strike paragraph 46 of Plaintiffs' Amended Complaint, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (CM/ECF No. 25).  Specifically, Toyota argues that this paragraph, which includes a list of anonymous consumer complaints obtained from an independent website, www.edmunds.com, consists of information that is unverified anonymous hearsay, irrelevant to Plaintiffs' claims, and prejudicial.  (Id.)

Federal Rule of Civil Procedure 12(f) permits a party to strike "any redundant, immaterial, impertinent or scandalous matter" from the pleadings. Motions to strike are generally disfavored and are usually denied "unless the allegations have no relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." Kim v. Baik, Civ. No. 06-3604, 2007 WL 674715, at *5 (D.N.J Feb. 27, 2007) (quoting River Road Dev. Corp. v. Carlson Corp., Civ No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990)).  However, "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." Id. (quoting River Road Dev. Corp. v. Carlson Corp., Civ No. 89-7037, 1990 WL 69085, at *2 (E.D.Pa. May 23, 1990)).

Plaintiffs cite to numerous cases where complaints on websites have been found relevant in consumer cases concerning NJCFA claims. However, where consumer complaints were not reported directly to the relevant entity, complaints on websites were but one of many other sources used to demonstrate that knowledge of the defect at issue likely existed. Henderson v. Volvo Cars of N. Am., LLC., Civ No. 09-4146, 2010 WL 2925913, at *1 (D.N.J. 2010), The NVIDIA GUP Litigation, Civ. No, 08-4312, 2009 WL 4020104, at *9 (N.D. Cal. 2009), Doll, et al. v. Ford Motor Co., 814 F.Supp.2d 526, 534-35 (D.Md. 2011).

It is not apparent from the Complaint in the instant case that Defendant knew of the consumer complaints on the website, particularly since Plaintiffs cannot point to other sources as having given Defendant notice thereof.  While anonymous Internet complaints could be relevant to the issue of knowledge, it must be shown that Toyota was aware of these complaints. See In re Schering-Plough Corp., Civ No. 08-397, 2009 WL 1410961, at *1 (D.N.J. Jan. 28, 2010) (finding anonymous website postings relevant to the issue of *scienter* because they demonstrate the timing within which defendants became aware of a study's results); Rait v. Sears, Roebuck & Co., Civ No. 08-2461, 2009 WL 2488155, at *3 (D.N.J. Aug. 11, 2009).  The same cannot be said of the ten Internet complaints cited to by Plaintiffs.[7]  Thus, Defendant's motion to strike is granted.


**IV.  CONCLUSION**

For the above detailed reasons, Defendant's motion to dismiss is granted in part and denied in part.  Specifically Defendant's motion is denied as to Plaintiff Copel's omission claim pursuant to § 349 of the New York Consumer Protection Act and Count V seeking declaratory relief.  Defendant's motion is granted as to the following claims: New Jersey Consumer Fraud Act; New York Consumer Protection Act § 350 and the misrepresentation claim under § 349; breach of express warranty in New York and in New Jersey; and unjust enrichment in New York and New Jersey.   Of the aforementioned claims, the Court dismisses with prejudice only the breach of express warranty claims and Plaintiff Copel's unjust enrichment claim.  Plaintiffs may

---

[7] The Court notes that Plaintiffs additionally claim that Defendant's motion to strike is "a premature attempt to strike class-related allegations" and is thus not permitted.  (CM/ECF No. 32, Pls.' Opp'n, 6).  However, the scope of the relevant motion is limited to only the paragraph discussed above and does not relate to paragraphs ¶¶ 47-54 of the Complaint under the heading "Class Action Allegations."

amend their Complaint to cure the deficiencies set forth herein as to claims dismissed without prejudice within 30 days.  Finally, Defendant's motion to strike is granted.

An appropriate Order accompanies this Opinion.

DATE: March 30, 2012                              /s/ Jose L. Linares
                                                Jose L. Linares
                                                United States District Judge